McCULLOCH *v.* VON ZELLEN.

1. Evidence—Books of Account—Parol Testimony Admissible Where Within Personal Knowledge of Witness.

In an action by attorneys for services rendered, testimony by one of the plaintiffs as to time spent by himself and his office force in and about said employment, although said matters were more or less of record in the office, was properly received where within his personal knowledge, and there was no occasion to produce the books of account.

2. Same—Hearsay—Confusion in Record.

There was no reversible error in striking out the testimony of a witness as to what she was told, where it did not appear that the testimony related to something one of the plaintiffs had told her, but the record indicates confusion on the subject.

3. Same—Writing and Reception of Letter Not Produced Question for Jury.

Whether a letter, claimed to have been written by one of the plaintiffs to one of the defendants, which they had been notified to produce, was so written and received, *held*, for the jury.

4. Same—Correspondence—Principal and Agent.

A letter to one of the plaintiffs, written by a person employed in defendants' office acting as their agent, *held*, admissible.

5. Attorney and Client — Merchantable Title — Liability for Failure to Obtain Loan.

Where defendants failed to furnish a merchantable title to attorneys employed by them to secure a loan, they were excused from making or obtaining the loan, and, therefore, could not be held for any damages to defendants arising out of the failure to obtain the loan.

6. Trial—Submitting Negotiations to Jury as One Transaction.

Where preliminary negotiations by another so dovetailed with the subsequent personal negotiations of the defend-

ants as to make the same part of the whole transaction, the court was right in permitting the same to go to the jury.

Error to Marquette; Flannigan (Richard C.), J. Submitted February 7, 1922.    (Docket No. 184.) Decided March 31, 1922.

Assumpsit by Frank H. McCulloch and another against John O. VonZellen and another for services rendered. Judgment for plaintiffs. Defendants bring error.    Affirmed.

*B. H. T. Burritt,* for appellants.

*E. A. MacDonald,* for appellees.

WIEST, J.    The plaintiffs are attorneys at law with offices in the city of Chicago, and they brought this suit to recover attorney fees they claimed to be due for legal services rendered defendants and for cash disbursements made by them in connection with such services.    Defendants denied such employment, and claimed the plaintiffs agreed to make them a loan of $100,000, secured by mortgage on all their property, for which the plaintiffs were to receive a bonus of $10,000 and 7 per cent. interest, that the plaintiffs agreed to pay all of the expenses in connection with the appraisal of defendants' property and abstracting and perfecting the title where necessary, and the plaintiffs did have the property appraised and made an effort to perfect the titles and paid out $838.    The plaintiffs denied such an agreement and claimed they were engaged as attorneys to negotiate a loan of $100,000 and made diligent efforts in that behalf, but, being unable to perfect the title to all of defendants' lands, they were unable to obtain a loan.    Defendants gave notice with their plea that plaintiffs had certain abstracts of title, title deeds and other personal property

belonging to defendants of the value of $2,000, which they refused to return, and claimed damages by way of set-off. Defendants also gave notice of recoupment, claiming that plaintiffs agreed to loan them $100,000, and relying thereon they incurred great expenses and entered into agreements which they could not carry out for want of such loan, to their damage $10,000.

Defendants also, in their notice attached to their plea, charged plaintiffs with engaging in a conspiracy to financially ruin them, by attempting to induce them to enter into lumber contracts with irresponsible parties and to obtain a mortgage on their property for $2,000.

It is urged there was error in permitting Mr. McCulloch to testify to the number of days spent by himself and his office force in and about the employment, inasmuch as he said such matters were more or less of record in his office. The records were not produced and the point is made that such records were the best evidence and parol evidence was incompetent. If the matters were within the personal knowledge of Mr. McCulloch then there was no occasion to produce the books of account. The court committed no error in denying the motion to strike out such testimony of Mr. McCulloch.

There was no reversible error in striking out from the testimony of Olga VonZellen what she was told. If, as claimed now, her testimony related to something Mr. McCulloch had told her, such should have been made clear at the time. The record indicates some confusion upon the subject.

Mr. McCulloch testified he wrote a letter to defendant John O. VonZellen on the 25th day of November, 1916, and notice was served upon defendants to produce the original, and Mr. VonZellen testified he had made a search for the letter but was unable to find it

and did not remember having seen it. Whether this letter was written by Mr. McCulloch and received by the defendant John O. VonZellen were questions for the jury. The letter written by Iver VonZellen to plaintiff Frank H. McCulloch depended for its admissibility upon the authority of the writer. It appears that the writer acted as an agent in the employ of the defendants and had charge of the office and the works. We think the letter was competent.

It is claimed the trial court erred in not submitting to the jury the question of defendants' damages claimed to have been sustained as the result of plaintiffs' failure to make the loan of $100,000. The court charged the jury, in effect, that it was necessary for the defendants to show a merchantable title to all of their property and in case of their failure so to do, the plaintiffs would not be liable for damages sustained by defendants as a result of the plaintiffs' failure or refusal to carry out their agreement and make or obtain the loan.

We have examined the record, and are of the opinion that, whether the loan was to be made by the plaintiffs, or they were acting to secure such a loan from others on their recommendation, they were justified, on account of the condition of the title, in refusing, and the question was not to be determined by the fact the defendants had title to enough of such property to secure such a loan. The trial judge was right in taking from the jury the question of damages claimed to have been sustained by the defendants on account of the failure of the plaintiffs to make or obtain the loan. The defendants failed to furnish plaintiffs with a merchantable title, and this excused the plaintiffs from making or obtaining the loan, and being so excused they could not be held for any damages arising out of the failure of the defendants to obtain the loan.

The preliminary negotiations by Miss Winifred

VonZellen so dovetailed with the subsequent personal negotiations of the defendants as to make the same a part of the whole transaction, and the court was right in permitting the same to go to the jury. The abstracts and deeds turned over by the defendants to the plaintiffs did not, under the circumstances disclosed, furnish any grounds for damages by way of set-off.

An examination of the record discloses no reversible error, and the judgment is affirmed, with costs to the plaintiffs.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.